made to adjust matters between the power company and himself. The complainant's testimony is to the effect that, after insisting that he wanted the dam removed, he said that the damage was now done, and if they would pay him $5,000 damages, or $6,000 for the place, they might have it, providing he could remove the sile; that this was agreed to, but subsequently repudiated. Defendant's testimony is to the effect that the amount of damages named by Hughes was not assented to, although defendant agreed to pay whatever might be the actual damages, and paid $160 on account thereof. Whichever version of what took place be the correct one, and we express no opinion on that point, defendant was justified in assuming that its controversy with Hughes might be adjusted on a money basis, and thereafter it settled with other persons, paying them damages based upon the assumption that the dam would remain, which damages were in excess of what it would have paid, had it known that the dam was to be removed. Under the principle laid down in the Andrus Case, complainant cannot now insist upon injunctive relief. The decree of the Circuit Court, however, should be modified, so as to provide (as was done in the Andrus Case) for an ascertainment, in the way courts of equity are accustomed to proceed, of the damages to which complainant may be entitled by reason of the construction, maintenance, and use of the dam complained of, and fixing the time within which defendant will be required to pay such damages, and providing for the issuance of the injunction prayed for upon failure of defendant to pay the same; or, at the option of complainant, the decree below may be affirmed, without prejudice to complainant's rights to bring an action at law for said damages. Costs of this appeal to the defendant.

---

POLK et al. v. MUTUAL RESERVE FUND LIFE ASS'N OF NEW YORK et al. (Circuit Court of Appeals, Second Circuit. October 12, 1908.) No. 1. In Error to the Circuit Court of the United States for the Southern District of New York. See 137 Fed. 273. Russell & Winslow (D. L. Snodgrass, Caruthers Ewing, and R. F. Jackson, of counsel), for appellants. George Burnham (Frank R. Lawrence, Frank H. Platt, and Gordon T. Hughes, of counsel), for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Upon dissolution of the corporation this action abated. No further relief can be administered by this court. Submitted without argument.

---

POLK et al. v. MUTUAL RESERVE FUND LIFE ASS'N OF NEW YORK et al. (Circuit Court of Appeals, Second Circuit. October 28, 1908.) No. 1. Appeal from the Circuit Court of the United States for the Southern District of New York. See, also, 137 Fed. 273. Russell & Winslow (D. L. Snodgrass, Caruthers Ewing, and R. F. Jackson, of counsel), for appellants. George Burnham (Frank R. Lawrence, Frank H. Platt, and Gordon T. Hughes, of counsel), for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The defendant corporation having been dissolved, actions pending against it would, in the absence of statutory provision, abate. No statute in New York prevents this; but, if the cause of action survive the dissolution, it is provided that the action may, by appropriate proceedings, be continued against the receiver. We are, however, of the opinion that practically the same relief prayed for in this action was granted in the action in which the corporation was dissolved and receivers appointed, and that the action did not survive. Motion requiring receivers to be made parties denied. Submitted without argument.

---

In re W. J. SCHMIDT & CO. (Circuit Court of Appeals, Second Circuit. December 15, 1908.) No. 44. Petition to Review an Order of the District Court of the United States for the Southern District of New York. The trus-